# SECTION 362 COVER SHEET

DEBTOR: Jose Salazar, Jr.

BANKRUPTCY NO. 09-33453-bam

MOVANT: Deutsche Bank National Trust Company, as Trustee    CHAPTER: 13

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 3/25/2010    Signature: /s/ Christopher K. Lezak, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 6115 Cambiata Court, Las Vegas, NV 89139

NOTICE SERVED ON: Debtor: Jose Salazar, Jr.; Debtor's counsel, David Krieger; Trustee, Kathleen A. Leavitt.

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st Deutsche Bank National Trust Company, as Trustee | $ | 386,095.96 | The EXTENT and PRIORITY OF LIENS: |
| 2nd Litton Loan | $ | 80,000.00 | 1st |
| | | | 2nd |
| 3rd | $ | | 3rd |
| 4th | $ | | Other |
| Total Encumbrances: | $ | 466,095.96 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 172,983.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT with the DEBTOR** | | | **OFFER OF "ADEQUATE PROTECTION" for MOVANT:** |
| Amount of Note: $296,040.00 <br> Interest Rate: 8.37% <br> Duration: 30 Years <br> Payment per month: $2,421.52 <br> Date of Post-Petition Default : 01/01/10 <br> Post-Petition Arrears: $8,171.73 <br> Recording NOD: 07/06/2009 NOS: 11/23/2009 <br> SPECIAL CIRCUMSTANCES: The debtor has failed to make post-petition payments. *In re Ellis*, 60 B.R. 432 (9th Cir. BAP 1985). <br><br> Submitted by: Christopher K. Lezak <br><br> Signature: /s/ Christopher K. Lezak | | | SPECIAL CIRCUMSTANCES: <br><br><br><br> Submitted by: <br><br> Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet.  The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue.  The movant must show at least the status of the issue.  The movant must show at least the status of the movant's lien and any senior liens.  At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed.  Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee.  See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

Kristin A. Schuler-Hintz, Esq., SBN 7171          E-filed: 3/25/2010
Seth J. Adams, Esq., SBN 11034
Christopher K. Lezak, Esq., SBN 11185
McCarthy & Holthus, LLP
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329 ext 3748
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for Secured Creditor,
Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Mortgage pass-through Certificate 2006-HE1, its assignees and/or successors and the servicing agent WELLS FARGO BANK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 09-33453-BAM |
| | ) |
| Jose Salazar, Jr., | ) Chapter 13 |
| | ) |
|     Debtor. | ) **DEUTSCHE BANK NATIONAL TRUST** |
| | ) **COMPANY, AS TRUSTEE FOR HSI** |
| | ) **ASSET SECURITIZATION** |
| | ) **CORPORATION MORTGAGE PASS-** |
| | ) **THROUGH CERTIFICATE 2006-HE1'S** |
| | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| | ) |
| | ) HEARING: |
| | ) DATE:   04/27/2010 |
| | ) TIME:   01:30 pm |
| | ) CTRM:  3 |
| | ) PLACE: 300 Las Vegas Boulevard South |
| | )           Las Vegas, NV 89101 |

    **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION MORTGAGE PASS-THROUGH CERTIFICATE 2006-HE1**, its assignees and/or successors in interest ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to

1

moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under applicable state law, or at its election, seek to modify the loan, relative to the Note and Deed of Trust secured by the Debtor's property, commonly known as 6115 Cambiata Court, Las Vegas, NV 89139 ("Property" herein).

Secured Creditor is the payee of a Promissory Note dated 06/29/2006, in the principal amount of $296,040.00, which is secured by the Deed of Trust of the same date, and recorded in the Official Records of Clark County, Nevada on 07/11/2006 (**see Exhibit "1"**).

The Debtor filed the subject bankruptcy petition on 12/15/09.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | 295,090.30 |
| PRE-PETITION DELINQUENCIES | | |
| As set forth in Movant's Proof of Claim: | | |
| **Total Pre-Petition Delinquencies:** | **$** | **82,833.93[1]** |
| POST-PETITION DELINQUENCIES: | | |
| Monthly Payments:   3   at   $2,421.52 (01/01/10 through 03/01/10) | $ | 7,264.56 |
| Late Charges: | $ | 107.17 |
| Bankruptcy Attorney Fee: | $ | 650.00 |
| Bankruptcy Filing Fee: | $ | 150.00 |
| **Total Post-Petition Delinquencies:** | **$** | **8,171.73[2]** |
| **Total Principal Balance and Delinquencies Due:** | **$** | **386,095.96** |

The next scheduled monthly payment is due April 1, 2010, and continuing each month thereafter. Late charges will accrue if payment is not received by the 15th of the month when due.

---

[1] Creditor's Proof of Claim may be amended to include advances, fees and costs, incurred pre-petition and paid post-petition.
[2] This is not a post-petition reinstatement quote and may not include any additional advances or costs having been incurred, paid or coming due since filing the instant motion.

2

1   Secured Creditor recorded a Notice of Default to foreclose on the Property on 7/6/2009.
2   The trustee sale and foreclosure have since been stayed as a result of the subject bankruptcy case.

3   **Additionally, This Case has Been Filed in Bad Faith**

4   Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Secured Creditor the
5   requested relief from stay because the Debtor(s) filed what is commonly referred to as a "face
6   sheet" filing.

7   This subject Bankruptcy case is the **Seventh** Bankruptcy filed to unfairly delay Secured
8   Creditor from proceeding with the foreclosure of the subject Property. Secured Creditor is not
9   adequately protected, and cause exists under 11 U.S.C. § 362(d)(1) and (2) for relief from the
10  automatic stay. Secured Creditor is precluded from proceeding with the foreclosure of the subject
11  Property because of the bad faith bankruptcy filings by this Debtor and the Debtors in the prior
12  cases referenced in this motion.

13  Debtor filed a **First** bankruptcy petition in the Central District of California Court on
14  04/23/2002 as Case Number 02-21861, in the Central District of California (Los Angeles). The
15  Court entered an Order Dismissing Case on 07/18/2002, for failure to appear at the 341a meeting
16  of creditors with 180-day restriction.

17  Debtor filed a **Second** bankruptcy petition in the Central District of California Court on
18  04/30/2008 as Case Number 08-14833, in the Central District of California (Los Angeles). The
19  Court entered an Order Dismissing Case without Prejudice on 06/11/2008.

20  Debtor filed a **Third** bankruptcy petition in the Central District of California Court on
21  07/03/2008 as Case Number 08-18219, in the Central District of California (Los Angeles). The
22  Court entered an Order Dismissing Case without prejudice on 09/22/2008.

23  Debtor filed a **Fourth** bankruptcy petition in the above entitled Court on 10/14/2008 as
24  Case Number 08-22050, in the District of Nevada (Las Vegas). The Court entered and Order
25  Dismissing Case on 12/05/2008 for Failure to File Documents under 11 U.S.C. § 521.

26  Debtor filed a **Fifth** bankruptcy petition in the above entitled Court on 12/30/2008 as
27  Case Number 08-25637, in the District of Nevada (Las Vegas). The Court entered and Order
28  Dismissing Case on 10/19/2009 for Failure to File Documents under 11 U.S.C. § 521.

29

3

*Revised 12/09*    09-33453-bam; M&H File No. NV-09-19543
Motion for Relief From Automatic Stay

1      Debtor filed a **Sixth** bankruptcy petition in the above entitled Court on 04/02/2009 as Case Number 09-14942, in the District of Nevada (Las Vegas). The Court entered and Order Dismissing Case on 06/24/2009 as a Voluntary Dismissal.

    The Debtor has not filed a motion to extend the stay within the 30 day period to do so. The automatic stay in the instant case does not apply at all due to the pendency of **two** prior bankruptcy cases during the 1-year period preceding the current case. 11 U.S.C. § 362(c)(3)(C)(i). This follows Congress' true intent that there be no stay in effect when debtors file multiple bankruptcy cases and therefore there should be no delay to creditors in enforcing their respective interests.

    If a stay or partial stay is considered in effect in multiple bankruptcy filing cases, such as in the instant case, such a finding would be contrary to Congress' intent and would render the newly added bankruptcy reform provisions as effectively meaningless as creditors would continue to be delayed from enforcing their interests as they were prior to the Bankruptcy Reform Act by having to file a motion with the bankruptcy courts.

    Even if it is determined that an automatic stay exists, Secured Creditor is entitled to relief based upon the multiple bad faith bankruptcy filings by this Debtor, and based upon the lack of adequate protection provided by this Debtor. Debtor has not made any regular monthly mortgage payments since 08/01/2007. Debtor is due for regular monthly mortgage payments from 09/01/2007 through 02/01/2010. Secured Creditor is unfairly delayed from proceeding with the foreclosure of the subject property.

    Recent amendments to the Bankruptcy Code have sought to curb repeat filing of petitions submitted without the requisite level of good faith. One such provision, 11 U.S.C. § 364(d)(4), states:

    (4) with respect to a stay of an act against real property under subsection (a) by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either…

    […]

    (B) multiple bankruptcy filings affecting such real property.

4

*Revised 12/09*      09-33453-bam; M&H File No. NV-09-19543
Motion for Relief From Automatic Stay

1  Accordingly, Secured Creditor seeks an order granting *in rem* relief from the automatic stay as Debtor's filing for Bankruptcy was part of a scheme to "delay, hinder and defraud." As stated in In re: Doris Ann Young, 2007 Bankr. LEXIS 229, a Secured Creditor must show that 1) there was a scheme, to a) delay, b) hinder, and c) defraud the secured creditor by the debtor and that this scheme 2) involved multiple bankruptcy filings affecting the real property at issue.

With respect to part one of the test, the frequency and proximity to each other of Debtor's past bankruptcy filings can be shown to constitute "a plan or program of action" to hinder and delay Secured Creditor's efforts to foreclose upon the subject real property. The timing of Debtor's filings is evident of an organized effort to delay and hinder Secured Creditor's efforts to foreclose upon the property.

With respect to showing that Debtor's scheme was intended to defraud Secured Creditor, the Court in In re Young noted that the requisite fraud could be found where the scheme "…involved acts of deception that were intended to cause others (including courts) to accept as valid that which is invalid." The repeated filings under different Chapters of the Bankruptcy Code in multiple states, in such close proximity not only to each subsequent filing, but also to Secured Creditor's foreclosure efforts is clearly indicative of a deceptive act to utilize the protections of the Bankruptcy Courts by representing that the Debtor was entitled to such protection with no good faith intent of following through on the requirements of filing a plan, etc.

The second part of the test under § 364(d)(4) is met in the instant case since the subject real property was owned during, and affected by, the four previous bankruptcy filings by the Debtor.

Accordingly, the automatic stay does not apply to Secured Creditor. 11 U.S.C. § 362(c)(3)(C)(i). If a stay is found to exist, Secured Creditor is nevertheless entitled to relief. 11 U.S.C. § 362(d)(1), (2) and (4).

WHEREFORE**,** Secured Creditor prays for judgment as follows:

1. For an Order granting *In Rem* relief from the automatic stay for a period of 180-days to permit Secured creditor to proceed with a foreclosure under Secured Creditor's

5

*Revised 12/09*  
09-33453-bam; M&H File No. NV-09-19543  
Motion for Relief From Automatic Stay

Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust, including the unlawful detainer action of any other action necessary to obtain possession of the Property.

2. Alternatively, for an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

3. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

5. For attorneys' fees and costs incurred herein.

6. For such other relief as the Court deems proper.

Dated:  March 25, 2010                McCarthy & Holthus, LLP


By:  /s/ Christopher K. Lezak
    Christopher K. Lezak, Esq.
    Kristin A. Schuler-Hintz, Esq.
    Attorney for Secured Creditor
    Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Mortgage pass-through Certificate 2006-HE1

6